**Martha Elaine PRICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35637.**

Court of Criminal Appeals of Texas.

April 24, 1963.

Charles L. Ballman, Borger, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is the sale of whiskey in a dry area; the punishment, a fine of $100.00 and confinement in jail for 30 days.

Trial was had before a jury in the county court.

The State's evidence reflects that James M. Travis, an agent for the Texas Liquor Control Board, bought a pint of Old Crow Whiskey from appellant and paid her with a five dollar bill from which he had taken down the serial number. After the testimony of this witness for the State, James

M. Travis, had been adduced and the pint bottle of whiskey admitted into evidence, a recess was taken at 12:00 o'clock until 1:30 o'clock.

The record reflects, both in the statement of facts and also by appellant's formal bill of exception number one, that immediately after the jury had left the courtroom for the noon recess that appellant's counsel requested an opportunity to examine the alleged bottle of whiskey; that he took the cap or lid off of the bottle, smelled of it and handed it to Mr. Robert Price, the husband of the appellant; that Mr. Price either accidentally or on purpose, dropped the bottle of whiskey; that the bottle broke, spilling glass and whiskey over the floor of the courtroom in the area around the counsel table and immediately in front of the jury box; that the court held appellant's husband in contempt of court and remanded him to jail for 3 days and fined him $100.00; that appellant's counsel returned to the courtroom after lunch and saw that the broken glass and whiskey had not been cleaned up and requested the court to move the trial of the cause upstairs to the District Courtroom, which was available and not in use; that the court refused counsel's request and advised him that he wanted the jury to see the mess and that it was his intention to tell the jury what had happened. We here quote the statement of the trial judge to the jury:

"Ladies and gentlemen of the jury, I want you to listen and pay close attention. After you left, Mr. Ballman, the attorney for the defendant, requested the opportunity to examine the alleged bottle of whiskey, and I told him it would be all right, and he took the lid off of it, smelled of it and handed it to Mr. Robert Price, the husband of the defendant. Mr. Price, either accidently or on purpose, dropped the bottle of whiskey and you saw it as you came in, I presume. Now, I don't think Mr. Ballman had anything to do with this. I don't think his client, Mrs. Price, had anything to do with it. Mr. Price has

been held in contempt of Court by myself and placed in the County Jail for three days, which is the maximum allowed by law. I felt that in view of the circumstances that this had been introduced in evidence that you were entitled to know what happened to the bottle of whiskey. Now, then, we will call a short recess and ask the custodian to clean this mess up. Court is dismissed a few minutes."

Appellant's counsel then moved for a mistrial.

The record reflects that the odor of the whiskey was prevalent all over the courtroom; that there was only one door and one window was cracked about eight inches; that the jury had to tiptoe to get back to the jury box through the scattered, broken glass and whiskey. Appellant's counsel told the court, prior to the court making the remarks that he did in open court before the jury, that he would stipulate that the bottle contained liquor.

Appellant contends that the action of the trial court in leaving the broken glass and spilled whiskey for the jury to view, and in making the statement that he did to the jury, constitutes reversible error.

We agree with appellant's contention. The trial court no doubt was successful in conveying to the jury his view that appellant's husband had destroyed the State's evidence, which the court regarded as being in fact true and correct, or appellant's husband would not have destroyed same. It is clear to us that the husband would not have been held in contempt of court for accidentally dropping the bottle of whiskey. The contempt order of the court recites that the said "Robert D. Price did then and there throw and break one pint of Old Crow Whiskey in open court." We think the action of the trial court amounted to a comment by him upon the weight of the evidence. Article 707, Vernon's Ann.C.C.P. We further feel that the court's action was prejudicial to appellant's right to a fair

and impartial trial. The strong odor of the whiskey, its presence on the floor in clear view of the jury, and the inconvenience of the jury in having to tiptoe over the broken glass, probably inflamed the minds of some of them and no doubt brought about a verdict rendered by inflamed passions created by strong odors and unpleasant sights, none of which were essential to a fair and impartial trial of this case.

We find no privy or concert of action between the appellant and her husband, other than the normal domestic relationship of husband and wife. The record is devoid of any collusion, yea, of any agency or any part of the wife in the transaction. Yet, we find the court, in effect, charged the wife (appellant) with her husband's act. She was subjected to new and independent acts on the part of the husband, outside of the presence of the jury, which the jury would reasonably be expected to attribute to her. The court's action placed an undue burden upon the wife. She was confronted with prejudicial and inflammatory evidence which she had no part in perpetrating

The judgment is reversed and the cause remanded.